STOULIG, Judge.
This is an appeal from a judgment awarding plaintiff, Arthur J. Allen, $1,000 for personal injuries sustained when his stopped automobile was struck from the rear by a taxicab that fled the scene after the impact. What is at issue is the identity of the hit-and-run vehicle. Plaintiff claims it was Logan Cab No. 938. Defendants, Fred Morgan, the owner; his insurer, Manchester Insurance Company; and Logan Cab Company and its insurer, Nola Cabs, Inc., denied this vehicle was involved in the accident. They seek a reversal on appeal urging plaintiff failed to establish the identity of the offending cab with that certainty required by law.
The testimony adduced at the trial is confusing and contradictory. Plaintiff testified that at 1:55 a. m., on January 25, 1971, while driving in a downtown direction on South Claiborne Avenue in the City of New Orleans, he had stopped at the intersection of Jackson Avenue in response to a traffic signal. As he waited for the signal to change, he was hit on the right rear fender by a vehicle which continued on through the intersection against .the red light and proceeded down South Claiborne Avenue.
When first questioned as to the cab’s identity, plaintiff said he learned from the police report (not introduced in evidence) and the witnesses at the scene that it was Logan Cab No. 938. He also stated he saw the name Logan painted on the cab which he further identified as a Chevrolet automobile with the numbers 802 as the last three digits on its license plate.
The identification of the taxicab was corroborated in one respect by Harold Pierce, who coincidentally was a friend of the plaintiff’s for ten years. According to this witness he was returning home from a nearby bar where he had had some beers, and while waiting for a bus at the intersection the accident occurred. He stated he noticed the name Logan on the hit- and-run vehicle. It appears from the testi *407 mony of plaintiff and Pierce that neither saw the number 938 on the cab at the scene.
In an effort to prove Cab No. 938 was not involved in this accident, defendants attempted to show that this taxicab (1) was inoperable when the plaintiff’s car was hit; (2) did not bear a plate with the numerals 802; (3) showed no body damage shortly after the accident; and (4) was a different make other than that identified by plaintiff.
Before discussing the testimony adduced on these points and by way of explanation, the record reflects 44 Logan cabs were operating in the City of New Orleans on the date of the accident. These are owned by various individuals whose affiliation with Logan consists of using the dispatching service. The owners, in turn, rent the cabs to various drivers. Fred Morgan, one of the defendants, owned nine Logan cabs at this time, including No. 938. He explained it was in the custody and control of driver Sylvester Louis at the time.
Shortly after 2 a. m. on the morning of the accident, the Logan dispatcher called Morgan concerning the accident, who immediately went to the home of Sylvester Louis to inspect Cab No. 938. Morgan found no damage to the car whatsoever and its 1970 license plate bore the numbers 2-357. Apparently the trial court disregarded this witness’ statements as to the lack of physical damage and the license tag on the inspected cab. However, what Morgan’s testimony does establish is that someone at the accident scene furnished the identification of the hit-and-run cab as Logan No. 938, otherwise neither the dispatcher nor Morgan would have had this information within two hours of the accident. In effect, this testimony was the first indication that Cab No. 938 was involved — a specific identification that plaintiff’s witnesses failed to prove.
Sylvester Louis testified Cab No. 938 was inoperative when the accident occurred because of a mechanical breakdown. He said it was parked in front of his home throughout the night. Louis testified he knew nothing of the accident until 8 a. m., despite the alleged 4 a. m. inspection by Morgan. On this point, Morgan was recalled to explain he inspected the cab without waking Louis.
As to the make of the cab, both Morgan and Louis contradicted plaintiff’s assertion it was a Chevrolet by describing it as a 1965 Plymouth.
All the evidence adduced to establish Cab No. 938 did not carry license plates with the final digits of 802 is of no probative value. Mr. Frank Kopanica, with the Motor Vehicle Division of the Department of Public Safety, testified only three taxicab plates for 1971 were issued bearing the final numerals 802 and none of them were for vehicles owned by Morgan. It should be noted that the accident happened in January 1971 during the month in which new license plates were issued. Further, Morgan testified Cab No. 938 had a 1970 license plate. Unless Morgan’s testimony is accepted at face value, the other evidence tending to establish that the license plate on Cab No. 938 did not bear the last three digits of 802 is inconclusive.
Nor did the testimony of Roy Logan, manager of Logan Cab Company, add anything. He produced duplicate registration slips for 39 of the 44 vehicles operating as Logan cabs at the time, and none reflected that a license plate bearing the final digits 802 had been issued to any of the 39 vehicles. He explained the other five slips were not produced because the vehicles had since been sold. However, this does not eliminate the possibility that one of these five had a license plate with numerals 802.
From the evidence adduced, the conclusion is inescapable that someone at the scene did identify the cab as being No. 938, otherwise the Logan dispatcher could not have alerted Morgan so quickly. Whether plaintiff introduced sufficient proof to establish identification can only be deter *408 mined by weighing the circumstances in each case.
The adjudication of the merits of this matter is one purely of fact, and the determinations of the trial court as to credibility of the witnesses and the probative value of the evidence is not to be disturbed unless manifestly erroneous. From the record presented to us we conclude the evidence does not support a reversal of the trial court’s apparent factual findings (since no written reasons for judgment were assigned) that Logan Cab No. 938 was the vehicle causing the damage. However, in passing we are candid to admit that we are not impressed by the testimony offered by the plaintiff and the defendants.
For the reasons assigned, the judgment appealed from is affirmed. Costs are to be borne by the appellants.
Affirmed.